## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
## CLASS ACTION
## CASE NO. 18-cv-20901

**SARAH ALHASSID,**

      **Plaintiff,**

**vs.**

**NATIONSTAR MORTGAGE LLC**
**(D/B/A CHAMPION MORTGAGE),**

      **Defendants.**
_____/

### CLASS ACTION COMPLAINT

 COMES NOW Plaintiff Sarah Alhassid ("**Plaintiff**") and files this Class Action Complaint, on her own behalf and on behalf of all others similarly situated, against Defendant Nationstar Mortgage LLC d/b/a Champion Mortgage ("**Defendant**"), and further states as follows:

### INTRODUCTION

1. This class action lawsuit addresses the harm done to mortgage borrowers (including reverse mortgage and traditional mortgage borrowers) from Defendant's continuous violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("**FDCPA**") and Florida Fair Debt Consumer Collection Practices Act, Fla. Stat. § 559.72, *et seq*. ("**FCCPA**"), and Florida Deceptive and Unfair Practices Act, §501.201 *et. seq.* ("**FDUTPA**").

1

2. A reverse mortgage is a type of home equity loan that's reserved for homeowners who are 62 years of age and does not require monthly mortgage payments. Instead, the loan is repaid after the borrower moves out or dies. Reverse mortgages are often considered a last-resort source of income, but they have become a great retirement planning tool for many homeowners.  The first federally-insured reverse mortgage — also known as a home equity conversion mortgage, or HECM — was introduced in 1989. These loans allow people who are 62 or older to tap into a portion of their home equity without having to move.

3. If a person has a HECM loan, Monthly Mortgage Insurance Premium (MMIP) is charged to the account.

4. At the end of the month, the *MMIP rate* as determined by Department of Housing and Urban Development (HUD), is applied to the loan balance to generate the amount for MMIP, each month.

5. Additionally, monthly mortgage *interest* is charged on the loan, separate and apart from MMIP.

6. Defendant's illegal actions were perpetrated as follows:  Defendant improperly charges its borrowers' account for illegal forced placed insurance ("**FPI**") which inevitably improperly increases the loan balance by thousands of dollars to the detriment of the borrower, directly causing an increase in  **both** the Monthly Mortgage Interest Charges ("**MMI**") on the loan, as well as the Monthly Mortgage Insurance Premium ("**MMIP**") charges on the loan[1].

---

[1] Importantly, due to Defendant's illegal placement of the FPI on its borrowers' loan, Defendant designates the loan "in default" status on the monthly mortgage statements it sends to its borrowers.  These monthly mortgage statements falsely present and indicate a "Default Balance" on the loan, which inevitably leads to the Defendant charging various "servicing fees" on the loan specifically due to the fact that the loan is now allegedly in "default".

7. Even assuming arguendo that Defendant ultimately credits a borrowers account for the FPI premium it illegally charged, which it does not, Defendant expressly violated the FDCPA, FCCPA and FDUTPA as well as the Mortgage Contract, by failing to credit the increased interest and mortgage insurance charges (MMI and MMIP) to its borrowers during the months the illegal FPI premium charges were on the borrowers account.

8. Given that the borrowers' balance was improperly inflated by thousands of dollars from the illegal FPI premiums, the MMI and the MMIP that was calculated and charged to the borrowers' account during the relevant time-period was improperly inflated as well, and *that* additional MMI and MMIP payment is never credited to the borrowers' accounts.

9. Defendant never corrects or readjusts (crediting) the MMI on the loans, which is calculated in accordance with the mortgage balance and was improperly hyper-inflated to the detriment of the borrowers, directly due to Defendant's inappropriate placement of the illegal FPI on the loan.

10. Defendant never corrects or readjusts (crediting) the MMIP on the loans, which is calculated in accordance with the mortgage balance and was improperly hyper-inflated to the detriment of the borrowers, directly due to Defendant's inappropriate placement of the illegal FPI on the loan.

11. The inflated MMI and MMIP charges on the loan, directly due to the illegal FPI Defendant placed on the loan, (along with the related service fees) have breached the mortgage contract, and severely damaged its borrowers, resulting in violations of the FDCPA, FCCPA and FDUTPA.

12. All contractual or statutory conditions precedent or said conditions have been waived by Defendant.

## JURISDICTION, VENUE & PARTIES

13. Plaintiff, Sarah Alhassid resides in Aventura, Miami-Dade County, Florida, and is and was a citizen of Florida at all times material to the allegations herein.

14. Defendant Nationstar Mortgage LLC is a Delaware corporation with its principal place of business in Texas. Defendant Nationstar does business as "Champion Mortgage."

15. Defendant is a debt collector. Defendant does business and services mortgage loans throughout the United States, and as part of its routine policies and procedures, sends its borrowers threatening demonstrably false, deceptive, or misleading representations or means in connection with the collection of any debt and imposes unauthorized fees on its borrowers' loan.

16. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Florida and Miami-Dade County. Defendant transacts mortgage business with borrowers in the Southern District of Florida and Miami-Dade County. 28 U.S.C. § 1391.

17. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because this controversy is between citizens of different states. Plaintiffs are citizens of Florida, and Defendant is a citizen of Delaware. The matter in controversy exceeds $75,000.00.

18. Alternatively, jurisdiction is proper because the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, as there are hundreds or even thousands of borrowers harmed by Defendant's conduct in a substantially similar way. Jurisdiction is therefore also appropriate pursuant to 28 U.S.C. § 1332(d)(2).

19. Alternatively, jurisdiction is proper under 28 U.S.C. § 1331, federal question jurisdiction. 15 U.S.C. § 1692.

## FACTUAL ALLEGATIONS REGARDING MS. ALHASSID

20. On February 26, 2007, Plaintiff, as a condominium unit owner over 62 years in age, entered into a Adjustable Rate Home Equity Conversion Mortgage ("Mortgage") with Seattle Mortgage Company, for her condominium unit at Mystic Pointe Condo in Aventura, Florida. ("Mystic Pointe"). The Reverse Mortgage is federally insured. Seattle Mortgage Company was the original lender of Plaintiff's Mortgage, who transferred the rights to Bank of America, N.A.  Servicing rights were apparently transferred from Bank of America, N.A. to Defendant in 2012, and Defendant began servicing Alhassid's Mortgage.  As of the date of filing this Complaint, Defendant remains Alhassid's mortgage servicer.

21. Under Paragraph Two of the Reverse Mortgage, Exhibit "1" Plaintiff was responsible for paying property taxes, flood and hazard insurance for the property.

22. Plaintiff met all her obligations under the mortgage contract by timely paying her property taxes and Condominium Association fees (which include Plaintiff's pro rata portion of flood and hazard insurance for a blanket insurance policy covering the entire condominium).

23. Under the Condominium Rider to the Mortgage agreement, Exhibit "1" also dated February 26, 2007, Plaintiff was excused from the personal obligation of paying for property insurance so long as Mystic Pointe's Condominium Association maintained a blanket insurance policy.

24. Pursuant to the Condominium Rider, Plaintiff's **only affirmative obligation concerning the insurance** was that, "Borrower Shall give Lender prompt *notice of any lapse* in required hazard insurance coverage **and** *of any loss* occurring from a hazard." *See* Condominium Rider, Exhibit "1."

5

25. At all material times, Defendant was on notice that Mystic Point had valid flood insurance in place that covered Alhassid's property and that there was no lapse of hazard insurance coverage.

26. Mystic Pointe maintained the requisite insurance during the relevant period which covered Plaintiff's property and provided Notice of the requisite insurance to Defendant.

27. Defendant never advised Plaintiff that the requisite flood insurance was not in place prior to placing the $5,002.00 charge on her account. Exhibit "2."

28. Defendant performed no due diligence whatsoever to ascertain whether Plaintiff's account warranted placement of the $5,002 FPI premium on her account balance because, Defendant was in fact, in possession of all the required information, and was on notice that the requisite insurance was in place prior to placing FPI on her account.

29. The placement of the illegal $5002.02 charge for FPI to the account, caused the MMI and MMIP charges to the account to inflate, because both the MMI and MMIP charges are calculated using the overall balance, which was inappropriately inflated by ($5,000.02). Exhibit "2."

30. Defendant never fully reversed or fully credited the account for the illegal $5002.02 charge for FPI it placed on the account.

31. Defendant never fully reversed or fully credited the account for improperly and inflated MMIP to the account.

32. Defendant never fully reversed or fully credited the account for improperly and inflated MMI to the account.

33. Defendant casually skipped over contractual obligations and violated its obligations to carry out those terms in good faith.

6

34. By placing improper charges, the FPI as well as the inflated MMI and MMIP charges, on her mortgage account, Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A), (4), (5) and (10), as well as the FCCPA, § 559.72, *et seq*., Fla. Stat.  and the FDUTPA, §501.204.

35. Plaintiff has complied with all contractual or statutory conditions precedent or said conditions have been waived by Defendant.

36. Plaintiff has suffered damages as a result of the actions of Defendant, including statutory damages.

<u>**CLASS ACTION ALLEGATIONS**</u>

37. Plaintiff brings this action against Defendant on behalf of herself and all other persons similarly situated pursuant to Rule 23, Fed. R. Civ. P.  Plaintiff seeks to represent the following class:

   a)  Any and all real property owners who have or had a mortgage or reverse mortgage serviced by Defendant that had a "condominium mortgage rider" or "homeowners' association/HOA mortgage rider" that only required the borrower to provide evidence of flood and/or other hazard insurance if the policy lapsed or a loss occurred, who had force-placed insurance ("FPI") premiums charged and/or placed on their account by Defendant.

   b)  Any and all Condominium or Homeowners Association real property owners who have or had a mortgage or reverse mortgage serviced by Defendant, wherein Defendant illegally charged the account for FPI premiums, or any "default" or FPI related service fees, and where Defendant subsequently credited the account, however, failed to properly credit the Monthly Mortgage Interest ("**MMI**") charged to the account, and failed to credit the Monthly Mortgage Insurance

Premiums ("**MMIP**") on the loan, both of which were improperly manipulated upwards and inflated to the detriment of the borrower, as a result of the additional illegally charged FPI premiums and related service fees that Defendant charged to its borrowers account.

c) Any and all real property owners located in **Florida** who have or had a mortgage or reverse mortgage serviced by Defendant that had a "condominium mortgage rider" or "homeowners' association/HOA mortgage rider" that only required the borrower to provide evidence of flood and/or other hazard insurance if the policy lapsed or a loss occurred, who had force-placed insurance ("FPI") premiums charged and/or placed on their account.

d) Any and all real property owners located in Florida over the age of 60 who have or had a mortgage or reverse mortgage serviced by Defendant that had a "condominium mortgage rider" or "homeowners' association/HOA mortgage rider" that only required the borrower to provide evidence of flood and/or other hazard insurance if the policy lapsed or a loss occurred, who had force-placed insurance ("FPI") premiums charged and/or placed on their account.

38. Plaintiffs reserve the right to modify and/or amend the definition of the proposed class before the Court determines if class certification is appropriate.

39. Defendant has subjected Plaintiff and the respective Class members to the same unfair, unlawful and deceptive practices and harmed them in the same manner.

### Numerosity

40. The Class is so numerous that joinder of all members is impracticable.

41. Thousands of Defendant customers satisfy the definition of the putative classes.

8

42. Defendant has and is servicing millions of mortgages and reverse mortgages within Florida and nationwide during the past several years.

43. Defendant has charged FPI premiums to thousands of serviced mortgages and reverse mortgages within Florida and nationwide during the past several years.

44. Each borrower Defendant has charged these illegal FPI premiums to, because the MMI and MMIP is calculated using the borrowers loan balance, Defendant has charged illegally inflated MMI and MMIP charges on all of its serviced mortgages and reverse mortgages within Florida and nationwide during the past several years and has failed to refund or credit any of that charged interest.

45. The class members are ascertainable, as their identities and contact information can be identified within Defendant's business records.

46. Defendant knows specifically and can readily identify which borrowers were charged FPI premiums during a specified period of time.

47. Defendant knows and can readily specifically identify which borrowers were credited (if any) any charges for the FPI premiums during a specified period of time, and which borrowers were NOT credited for the inflated MMI and MMIP charges (resulting from the improper inflation of the loan balance by thousands of dollars) during that time.

48. It would be impractical for each member to bring suit individually.

**<u>Commonality</u>**

49. There are questions of law and fact that are common to Plaintiff and the Class Members' claims. These common questions predominate over any questions that go particularly to any individual member of the class.  The questions include, but are not limited to:

a)  Whether, and to what extent, Defendant performed due diligence and review of its own loan documents before placing FPI premiums on any class members' account;

b)  Whether Defendant has a pervasive policy and procedure of sending borrowers threatening false and misleading correspondence falsely notifying them of a requirement to purchase Flood, Walls, and/or Wind insurance, when in fact no such requirement exists within the subject loan documents;

c)  Whether Defendant has a pervasive policy of calculating, and therefore improperly inflating, the **MMI and/or MMIP** charges, based on the overall borrowers' loan balance, which is inappropriately inflated by thousands of dollars, directly due to the illegal placement of the FPI premium charges on borrowers' accounts and failure to credit accounts;

d)  Whether Defendant has a pervasive policy of failing to fully credit the borrowers' accounts that they placed the improper FPI premiums on, inclusive of MMI and MMIP.

e)  Whether Defendant has a pervasive policy of failing to properly and fully credit the borrowers' accounts for all MMIP inflated charges that were charged to the borrowers' accounts during the relevant time period that the that they placed the improper FPI premiums.

f)  Whether the above conduct violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e;

g)  Whether the above conduct violates the FDCPA, 15 U.S.C. § 1692e(2)(A);

h)  Whether the above conduct violates the FDCPA, 15 U.S.C. § 1692e (10);

10

i)   Whether the above conduct violates the FDUTPA, §501.201 et seq., Fla. Stat. including, §501.2077.

j)   Whether the above conduct violates the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, *et seq*.;

k)   The appropriateness and proper form of any declaratory of injunctive relief; and

l)   Whether each class member is entitled to nominal damages, statutory damages, and prejudgment interest.

### Typicality

50. The Class Members' claims are typical of each other's claims because of the similarity, uniformity, and common purpose of Defendant's conduct.

51. Specifically, Defendant uniformly places illegal FPI premium charges on the putative Class Members' accounts.

52. Because the MMI and MMIP charges are calculated using the overall loan balance, the loan balances on the putative Class Members' accounts are all now improperly inflated by thousands of dollars.   Accordingly, the MMI and MMIP charges are uniformly hyper-inflated, improperly on all the borrowers accounts where the illegal FPI premiums were charged.

### Adequacy

53. Plaintiff is an adequate representative of the Class and subclasses and will fairly represent the interests of the class.

54. Plaintiff has retained counsel experienced in complex civil litigation, with a focus on contract and class action matters and is fully committed to the prosecution of this case.

55. Plaintiff's counsel has ample financial and legal resources to meet the demands of class action litigation.

56. There is no conflict between Plaintiff and the unnamed Class Members, and Plaintiff and her counsel has the time, knowledge and resources to adequately represent the class.

### Fed. R. Civ. P. 23 & Local Rule 23.1 Allegations

57. The questions of law or fact common to Plaintiff and each Class Member's claims predominate over any questions of law or fact affecting only individual class members.

58. The claims brought by Plaintiff and the unnamed Class Members are based on Defendant's pervasive use of the same policy and procedure with respect to the placement of the illegal FPI charges directly causing the MMI and the MMIP charges – both of which are calculated in accordance with the loan balance- to inappropriately inflate during the time the illegal FPI charges are on the borrowers' accounts.

59. Common issues predominate because liability can be determined on a class-wide basis when the Court determines the propriety or impropriety of the above conduct. Therefore, common questions predominate over individual questions.

60. Class representation is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a) Multiple separate lawsuits would be wasteful in light of the sheer volume of borrowers that have had the illegal FPI placed on their accounts;

    b) Multiple separate lawsuits would be wasteful in light of the sheer volume of borrowers that have had the illegal FPI placed on their accounts, which then caused the inflation of their MMI and MMIP charges, which directly damaged the borrowers.

    c)    Joinder of all class members would create hardship, inconvenience and undue expense, as mortgage borrowers falling into the class definitions reside throughout the United States;

    d)    Individual claims by the class members are impractical because the costs to pursue individual claims, in many circumstances, may exceed the value of what any one class member has at stake;

    e)    There are no known individual Class Members who are interested in controlling the prosecution of separate actions;

    f)    The interests of justice will be well served by resolving the common disputes of potential class members in one forum; and

    g)    This action is manageable as a class action.

61. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant.

62. Defendant has acted in a manner generally applicable to the Class, making injunctive or declaratory relief with respect to the Class as a whole appropriate.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT– 15 U.S.C. § 1692, *et seq.***

63. Plaintiff individually and on behalf of the class, incorporate the allegations in ¶¶ 1-62 by reference.

64. Congress has found that there "is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors."

65. A "consumer" means any natural person obligated or "allegedly" obligated to pay any debt.

66. Defendant is considered a "debt collector[s]" within the meaning of the Act.

67. Defendant engaged in "false or misleading representations" in connection with their claim that Plaintiff and the Class Members were required to purchase Flood and Hazzard insurance, when no such contractual requirement existed and the actual subsequent placement of the FPI on their accounts.

68. Said false, deceptive and misleading representations were and have been made and are being made to and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made Defendant.

69. Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d because it has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the in connection with the instant Complaint, and as a result of the filing of said Complaint, and in other actions as more specifically set out hereafter.

70. Defendant knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward Plaintiff.  Defendant knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse the Defendant.

71. Defendant by virtue of placing FPI on Plaintiff's account made knowing and intentional misrepresentations or misleading and/or false representations as to the legal status, character, and/or amount of the debt in violation of 15 U.S.C. §1692e (2), and in violation of U.S.C.15 §1692e (10).  Defendant has violated the FDCPA and is liable to for statutory and actual damages thereon, attorneys' fees, and costs.

72. Defendant had no reasonable basis to believe that Plaintiff and the Class Members had failed to comply with their respective loan documents' requirements prior to sending the false and deceptive letters and subsequently placing unreasonably priced duplicative FPI on the property.

14

73. Defendant was not authorized by the Plaintiff and Class Members' respective loan documents to place unreasonably priced duplicative FPI on the property.   Moreover, Defendant failed to credit Plaintiff and Class Members' accounts for inflated MMIP and MMI as a result of the improper FPI.

74. Plaintiff and the Class Members have suffered damages as a result of Defendant's violation of the FDCPA, including statutory damages in the amount of $1,000, per Class Member, for each violation.

## COUNT II – VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT – FLA. STAT. § 559.72 *et. seq* (as to Florida residents only)

75. Plaintiff individually and on behalf of the class incorporate the allegations in ¶¶ 1-62 by reference.

76. Plaintiff and the Florida Class Members are consumers as defined by section 559.55 Fla. Stat. who own real estate in Florida with mortgages serviced by Defendant.

77. Defendant is considered a "debt collector[s]" within the meaning of the FCCPA.

78. Defendant violated section 559.72(9), Fla. Stat. by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt is not legitimate, or asserting the existence of some other legal right when Defendant knows that the right does not exist.

79. More specifically, Defendant was not authorized by the Plaintiff and Class Members' respective loan documents to place unreasonably priced duplicative FPI on the property.

80. Defendant had no reasonable basis to believe that Plaintiff and the Florida Class Members had failed to comply with the relevant loan documents' contractual requirements prior to placing the FPI and extracting improper **MMI and/or MMIP** from Plaintiff and the Florida Class Members.

81. Defendant was not authorized by the Plaintiff and Class Members' respective loan documents to place unreasonably priced duplicative FPI on the property. Moreover, Defendant failed to credit Plaintiff and Class Members' accounts for inflated MMIP and MMI as a result of the improper FPI.

82. Plaintiff and the Florida Class Members have suffered damages, including interest, as a result of Defendant's violation of the FCCPA, including statutory damages of $1,000.00, per Florida Class Member, for each violation.

### COUNT III– VIOLATION OF FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT – § 501.201 *et. seq*

83. Plaintiff individually and on behalf of the class incorporate the allegations in ¶¶ 1-62 by reference.

84. Section 501.204, Fla. Stat. provides a private cause of action for those harmed by "unconscionable acts or practices, and unfair or deceptive acts in the conduct of any trade or commerce . . .".

85. Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") "shall be construed liberally to promote" the policies of simplifying, clarifying and modernizing the law governing consumer protection and "deceptive and unfair trade practices," and to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." See § 501.202, Fla. Stat.

86. Plaintiff and the Class Members are "consumers" as defined in Fla. Stat. § 501.203 and Defendant is not otherwise exempt as FDUPTA as it conducts trade or commerce as defined under Florida law.

87. Defendant engaged in and continues to engage in a trade or commerce and committed unconscionable acts or practices and used unfair or deceptive acts in the conduct of their trade and/or commerce in the State of Florida. Specifically, Defendant's improper placement of FPI and subsequent extraction of improper MMI and MMIP from Plaintiff and the Florida Class Members is a violation of FDUTPA.

88. Plaintiff and the Class Members seek protection under the FDUTPA Statute from Defendant's unfair practices involving the imposition of unreasonably priced forced-place insurance on the borrowers' property when in fact Plaintiff and Class Members had adequate insurance.  Subsequent to placing the improper insurance charge on the account, Defendant charged MMI and MMIP on the improper charge to Plaintiff and Class Members.

89. Defendant conduct is unfair and unconscionable in that Defendant had no reasonable basis to believe that Plaintiff and the Class Members had failed to comply with the loan contract's requirements prior to charging for unreasonably priced forced placed insurance when in fact Class Members already had the required insurance coverage under the mortgage documents.

90. Defendant's conduct was unfair and unconscionable as their intent was to rob equity and render borrowers homeless by charging interest on the illegally forced-placed insurance charge on Plaintiff's account.

91. A reasonable consumer would not know how or why to contest unilateral and improper accusations of default and excessive and unnecessary force-placed insurance, plus interest charges, particularly coming from large, government-regulated servicers.

92. Plaintiff and the Class Members suffered actual damages as a result of Defendant's violation of section 501.204.

93. Plaintiff and the Class Members are thus entitled to all relief stated in Fla. Stat. § 501.2105 & Fla. Stat. § 501.211, including actual damages, a declaratory judgment that Defendants' conduct is unfair and deceptive, within the meaning of the Statute, and an injunction preventing further similar practices targeting regular borrowers.

### COUNT IV– VIOLATION OF FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT – § 501.2077 -VIOLATION INVOLVING SENIOR CITIZENS

94. Plaintiff individually and on behalf of the Class members over the age of 60 years old, incorporate the allegations in ¶¶ 1-62 by reference.

95. Fla. Stat. § 501.204 provides a private cause of action for those harmed by "unconscionable acts or practices, and unfair or deceptive acts in the conduct of any trade or commerce . . .".

96. Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") "shall be construed liberally to promote" the policies of simplifying, clarifying and modernizing the law governing consumer protection and "deceptive and unfair trade practices," and to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

97. Plaintiff and the Class Members are "consumers" as defined in Fla. Stat. § 501.203 and Defendant is not otherwise exempt as FDUPTA as it conducts trade or commerce as defined under Florida law.

98. Defendant engaged in and continues to engage in a trade or commerce and committed unconscionable acts or practices and used unfair or deceptive acts in the conduct of their trade and/or commerce in the State of Florida. Specifically, Defendant's improper placement

of FPI and subsequent extraction of improper MMI and/or MMIP from Plaintiff and the Florida Class Members is a violation of FDUTPA**.**

99. Plaintiff and the Class Members seek protection under the FDUTPA Statute from Defendant's unfair practices involving the imposition of unreasonably priced forced-place insurance on the borrowers' property when in fact Plaintiff and Class Members had adequate insurance.  Subsequent to placing the improper insurance charge on the account, Defendant charged  MMI and MMIP on the improper charge to Plaintiff and Class Members.

100.   Defendant conduct is unfair and unconscionable in that Defendant had no reasonable basis to believe that Plaintiff and the Class Members had failed to comply with the loan contract's requirements prior to charging for unreasonably priced forced placed insurance when in fact Class Members already had the required insurance coverage under the mortgage documents.

101.   Defendant's conduct was unfair and unconscionable as their intent was to rob equity and render borrowers homeless by charging interest on the illegally forced-placed insurance charge on Plaintiff's account.

102.   A reasonable consumer would not know how or why to contest unilateral and improper accusations of default and excessive and unnecessary force-placed insurance, plus interest charges, particularly coming from large, government-regulated servicers.

103.   Plaintiff and the Class Members suffered actual damages as a result of Defendant's violation of section.

104.   A person who is willfully using, or has willfully used, a method, act, or practice in violation of section 501.201 et. seq. which victimizes or attempts to victimize a senior citizen or a person who has a disability is liable for a civil penalty of not more than $15,000 for each

such violation if she or he knew or should have known that her or his conduct was unfair or deceptive.

105.   Plaintiff and the Class Members are thus entitled to all relief stated in Fla. Stat. § 501.2105 & Fla. Stat. § 501.211, including actual damages, a declaratory judgment that Defendants' conduct is unfair and deceptive, within the meaning of the Statute, and an injunction preventing further similar practices targeting regular borrowers and imposition of civil penalty of up to $15,000 per violation.

## COUNT V: UNJUST ENRICHMENT

106.   Plaintiff individually and on behalf of the Class members incorporate the allegations in ¶¶ 1-62 by reference.

107.   Defendant entered into agreements whereby an insurer (never disclosed to Plaintiff and the Class Members) would provide FPI policies for its customers, for the portfolio of reverse and traditional mortgage loans it monitored which were paid for by Plaintiff and the Class Members at prices that exceeded the market rate.

108.   Defendant knew the charges for the FPI were inflated and not the result of good faith financial practices.

109.   Defendants did not even perform sufficient due diligence to realize that FPI was not necessary, unauthorized or excessive; for example, in Plaintiff's case, requisite coverage was already provided via a homeowner's association.

110.   Accusing Plaintiff and the Class Members of "default", on the pretext that they did not have the proper hazard insurance, Defendants Champion received from Plaintiff and the Class Members a benefit in the form of hyper-inflated loan balances, and inappropriately inflated MMI and MMIP.

111.    The placement of the illegal FPI charges to the accounts, caused the MMI and MMIP charges to the account to inflate, because both the MMI and MMIP charges are calculated using the overall loan balance, which was inappropriately inflated by ($5,000.02) thousands of dollars.

112.    Defendant had knowledge of the benefit (increased MMI and MMIP) from Plaintiff and the putative Class Members and voluntarily accepted and retained the benefit conferred on them. These charges consistently appeared on monthly statements.

113.    Under the circumstances, it would be inequitable for Defendant to retain the benefit.

114.    Specifically, Defendants should not retain any benefit flowing from unauthorized and illegal FPI, that was not necessary.

115.    Defendants will be unjustly enriched if they are allowed to retain the benefit of the increased MMI and MMIP due to the improperly inflated loan balances, and Plaintiff and each class member is entitled to an amount equal to the amount each of them enriched Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff requests jury trial of all claims that can be so tried.

WHEREFORE, Plaintiff Sarah Alhassid, on her own behalf and on behalf of the Class, prays for the following relief:

a)  Certification of this case as a Class Action on behalf of the Classes defined above and appointment of Sarah Alhassid as Class Representative and the undersigned as lead counsel;

b)  Declare that Defendant violated the FDCPA in light of the above-described conduct requiring payment of statutory damages, attorney's fees and interest;

c)  Declare that Defendant violated the of the FCCPA in light of the above-described conduct requiring payment of statutory damages, attorney's fees and interest;

d)  Enter Judgment against Defendant for all economic, monetary, actual, consequential, statutory, compensatory, interest, and punitive damages on behalf of Plaintiff and the Class, based on Defendant's conduct;

e)  Award Plaintiff and the Class reasonable costs and attorneys' fees and costs pursuant to the FDCPA;

f)  Award Plaintiff and the Class reasonable costs and attorneys' fees pursuant to the FCCPA;

g)  Award Plaintiff and the Class reasonable costs and attorneys' fees pursuant to the FDUTPA;

h)  Award Plaintiff and the Class pre- and post-judgment interest;

i)  Enter an injunction requiring corrective measures to be taken to prevent Defendant from continuing to engage in the above-described conduct;

j)  Impose Civil Penalties against Defendant pursuant to section 501.2077, Fla. Stat. up to $15,000 per violation;

k)  All other relief, in law and equity, deemed appropriate by this Court.

Dated this 9<u>th</u> of March, 2018.

<div style="margin-left:40%">

Respectfully submitted,


BEIGHLEY, MYRICK, UDELL & LYNNE, P.A.
150 West Flagler Street, Suite 1800
Miami, FL 33130
Telephone No: (305) 349-3930


By:     /s/ Maury L. Udell
MAURY L. UDELL, ESQUIRE
FBN 121673
mudell@bmulaw.com


***Attorneys  for Plaintiff***

</div>